## THE STATE v. MOORE.

APPEAL from the *Hendricks* Common Pleas.

RAY, J.—Action against the surety upon a recognizance, where judgment of forfeiture had been entered as to the principal, and a default against the appellee. Answer, admitting the entry of the default, but averring that the same was so entered by mistake and was afterwards, on motion, and by consent of appellant, and by the order and judgment of the court, set aside. A demurrer was overruled to this answer. It is insisted that this was error, because the record filed with the complaint, and the additional record filed with the answer, disclose that the correction of the record was made more than one year after the entry of the default. The statute requires that if, without sufficient excuse, the defendant in any criminal case, when under recognizance, fails to appear when required, the court shall direct that fact to be entered upon its minutes, and the prosecuting attorney may at any time thereafter proceed by action against the bail upon the recognizance. No judgment can be taken against the surety simply upon the default of the defendant, and therefore the statute providing for relief against judgments has no application. In this case, so far as the bail was to be affected, the court could only note the default of the principal. The default became part of the record, and until that record was closed against the surety by final judgment, it could, upon a proper case being made, be corrected. The record in this case recites that upon the appearance of the parties, and it being shown to the court that the default and forfeiture were made and entered through mistake, on motion of the defendant, the same is set aside and held for naught. The nature of the mistake is not disclosed, and for aught that appears it may have occurred through a clerical error, and the records themselves may have proved this fact. But if the

court committed an error, the exception should have been taken at the time.

The appellant replied in two paragraphs. The first charges fraud, in that the prosecuting attorney received a certain sum of money from the appellee, and agreed in consideration thereof to appear in the Circuit Court and have said judgment of forfeiture set aside. There is, however, no averment that the prosecutor fulfilled his agreement, and therefore no showing that the appellant suffered any injury from the alleged fraud. The second paragraph charges fraud generally. Demurrers were properly sustained to these paragraphs.

The judgment is affirmed.

*D. E. Williamson*, Attorney General, for the State.

*C. C. Nave*, for appellee.